QUESTION: Does a municipality have the power to require the developer of a condominium project which includes private streets to file a subdivision plat which complies with Ch. 177, F.S.?
SUMMARY: The mere inclusion of private streets in a condominium project is insufficient to bring the project within the scope of a municipality's power under ss. 163.160-163.315, F.S., to regulate subdivisions and require the approval and recordation of a plat. However, a condominium project which constitutes, in fact, the division of a parcel of land within the scope of s. 163.170(7) is subject to such municipal regulation, and, in any event, all laws, ordinances, and regulations respecting the use, location, placement, or construction of buildings or other improvements apply equally to condominiums as to other similar buildings and improvements. Chapter 177, F.S., establishes "consistent minimum requirements" for the platting of lands and, although it does not require that a subdivision plat be recorded, all plats of subdivisions which are, in fact, recorded must comply with the minimum requirements of the chapter. These minimum requirements include, inter alia, a requirement that a plat of a subdivision of lands which is to be offered for recording must first be approved by the local governing bodies. It being clear that all recorded plats of subdivisions must conform to the provisions of Chapter 177, the answer to this question turns on whether a municipality has the power to compel the recordation of such a plat and, if so, the scope of such power. It is clear that under ss. 163.160-163.315, F.S., the governing bodies of municipalities and counties have the power to adopt regulations governing the development of subdivisions. (See AGO 072- 273 for a discussion of the scope of these powers and prerequisites to the exercise of same.) And under s. 163.275, once a municipality has adopted such regulations, it is unlawful to sell or transfer land by use of a subdivision plat which has not been approved by the municipality and recorded, and a municipality may enjoin such transfers or sales. Thus, a municipality can for all practical purposes require the recordation of a subdivision plat inasmuch as it has the power to prevent all sales and transfers of land with respect to an unrecorded subdivision plat. It should be noted, however, that these powers are limited in scope to a development which involves "the division of a parcel of land, whether improved or unimproved" (Emphasis supplied.)[see definition of "subdivision" in s. 163.170(7), F.S.] and do not contemplate developments which include only the division of portions of the improvements on a parcel of land. The usual condominium project does not involve a division of land, but only a division of the ownership of individual units of the improvements. Further, under s. 711.06(1)(a), F.S., as amended by Ch. 74-104, Laws of Florida, the common elements of a condominium include the "land or leasehold on which the improvements are located." (Emphasis supplied.) Thus, in a typical condominium development the land is not divided, but is owned in common by all of the unit owners of the condominium. Accordingly, the fact that a private road is included within a condominium development would not of necessity constitute a division of a parcel of land so as to bring the development within the purview of municipal regulations enacted under ss. 163.160-163.315, F.S. However, in a case where the development of a condominium project does, in fact, constitute the "division of a parcel of land" within the meaning of s. 163.170(7), F.S., the developer would be subject to municipal regulation under ss. 163.160-163.315, F.S. Cf. AGO 070-58 holding that under such circumstances a condominium project would come within the purview of a special act requiring approval and recording of subdivision plats. It should also be noted that even when a condominium project does not constitute "the division of a parcel of land" it is nevertheless subject to local regulation. As observed in AGO 070-58: The substitution of the architect's certificate for the approval of the [condominium] building by a public body or officer was clearly intended to be only for the purpose of recordation of the declaration and not for the purpose of bypassing the local building and zoning codes and other applicable regulations. . . . [S]uch an intention is made clear by . . . s. 711.21, F.S., providing that all laws, ordinances and regulations respecting the "use, or location, placement or construction of buildings or other improvements" shall apply equally to condominiums as to other similar buildings and improvements not condominiumowned.